THE NATIONAL LINSEED OIL COMPANY

*v.*

DANIEL MCBLAINE.

*Filed at Ottawa January 19, 1897.*

1. APPEALS AND ERRORS—*finding of Appellate Court on facts is final in suits at law.* It is the duty of the Appellate Court to consider and pass upon questions of fact in controversy in a case, and in a suit at law for a personal injury its finding thereon is conclusive.

2. SAME—*defendant is not entitled to peremptory instruction where evidence tends to support plaintiff's case.* The trial court must refuse an instruction to find for the defendant when the evidence in the case tends to support the allegations of the declaration.

3. SAME—*questions of fact which are finally settled in the Appellate Court.* Whether plaintiff was injured as charged in his declaration, whether the injury was caused through the defendant's negligence, and whether the plaintiff was guilty of contributory negligence, are all questions of fact finally settled in the Appellate Court.

4. INSTRUCTIONS—*not error to refuse instructions repeating rules of law already announced.* A trial court may refuse instructions which merely repeat, in different form, principles of law already given in other instructions.

*National Linseed Oil Co.* v. *McBlaine,* 64 Ill. App. 117, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an action brought by Daniel McBlaine, against the National Linseed Oil Company, to recover for a personal injury received while in the service of the defendant, engaged in oiling certain of its machinery.

It is alleged in the declaration that defendant was in possession and using and operating a certain plant and linseed oil mill, with machinery for the manufacture of linseed oil, etc.; that plaintiff was then and there in the employ of defendant as a general workman, and by and under direction of defendant was put to work at the very dangerous and hazardous employment of oiling certain

gearing, shafting and machinery used by defendant in the manufacture of linseed oil; that it was the duty of defendant to furnish and provide plaintiff with an oil can or oiler, with which to oil said gearing, shafting and machinery, that was reasonably safe for that purpose, so that plaintiff's person might not be needlessly or unnecessarily exposed to danger or injury to life or limb while engaged in said work; that defendant, not regarding its duty in that behalf, wrongfully failed to furnish or provide plaintiff with an oil can or oiler that was reasonably safe to be used for that purpose; that plaintiff requested defendant to supply him with an oil can or oiler which would be reasonably safe for plaintiff to use in doing said work, viz., an oil can or oiler with a long, crooked spout and with a handle to it, and that defendant promised to furnish plaintiff with such an oil can or oiler within a reasonable time, and ordered him to proceed with the oiling of said gearing, shafting or machinery with said defective oil can or oiler which plaintiff then had in use; that defendant negligently, etc., failed to keep its promise in that regard, and did not furnish plaintiff with an oil can or oiler which was reasonably safe for him to use for that purpose; that plaintiff relied upon the promise of defendant to furnish him, etc., and, under orders from defendant directing him so to do, proceeded to oil said gearing, shafting and machinery with said defective oil can so furnished him as aforesaid, and while relying upon said promise, and while engaged in oiling with the defective oil can which defendant had furnished him for that purpose, and while using all due care, plaintiff became and was caught by and drawn into said gearing and machinery, and his right hand was caught by and drawn into said gearing and machinery, and was thereby crushed, mangled and severely injured.

The defendant pleaded not guilty, and on a trial before a jury a verdict was returned in favor of plaintiff for $5000. The plaintiff remitted $2500, and judgment was

entered for the remaining sum of $2500.   The defendant appealed to the Appellate Court, where the judgment was affirmed.

GURLEY & WOOD, for appellant.

F. W. BENNETT, and C. M. HARDY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The appellant operated a mill in Chicago in which it manufactured linseed oil.   Appellee had worked for appellant as a common laborer some two or three years prior to the injury.   In October, 1892, the superintendent in charge of the mill directed appellee to oil certain shafting in the mill each evening.   A short time thereafter he was relieved of that duty, but in November, 1892, he was directed to resume that service, which he did, and continued oiling the shafting until the 18th of January, 1893, when in the discharge of his duty he received the injury complained of.

The appellant has filed an elaborate argument, but it is principally devoted to a discussion of questions of fact, which are not reviewable here.   Under the statute it is the duty of the Appellate Court, in a case of this character, to consider and pass upon questions of fact.   That duty has been performed by the Appellate Court, and, as has been held in numerous decisions, the judgment of that court is conclusive.

It is, however, contended in the argument that there is no evidence proving, or tending to prove, that the oil can in use by appellee at the time he was injured was defective.   It was alleged in the declaration that it was the duty of the defendant to furnish plaintiff with an oil can, to oil the gearing and shafting and machinery, that was reasonably safe for that purpose, and that the defendant failed in that regard.   It may be conceded that this was a material averment, and if there was no proof whatever in the record to sustain it the instruction to

find for the defendant should have been given. But upon an examination of the record it will be found that there was evidence tending to establish the averment of the declaration. The plaintiff testified that the first evening he went to the cake mill to oil the shafting "I didn't have the proper kind of can to oil with." He further testified that he went out and borrowed a suitable can of some other employee. The next morning, after plaintiff had oiled the shafting for the first time, he called on the superintendent in regard to the can. He testified: "I oiled it that evening. The next morning I went to Mr. Jones, the superintendent, and showed him the can. Says I, 'Mr. Jones, this is not a proper kind of a can to do that work with.' 'What kind of a can do you want?' says he. Says I, 'I want a can with a long spout to it, and a handle to it so that you can let it run in the cups and not spill the oil around. It drops lots of oil, so that the mill is all oily.' Says he, 'Well, I will get you one.'" In addition to this, the plaintiff also testified that on several occasions afterwards he called on the superintendent for a different can from the one he had been given, and the superintendent promised to furnish such can. When the plaintiff called on the superintendent and showed him the can and said it was not a proper one, and the superintendent promised to furnish another, he, in effect, admitted that the can furnished was not suitable. At all events, the evidence clearly tended to prove the allegation of the declaration, and we do not regard the position of counsel sustained by the record.

It is next contended that appellee failed to prove a promise by defendant to furnish appellee an oil can, as alleged in the declaration, and that he failed to prove that he relied upon any promise of defendant. We have already set out an interview between plaintiff and defendant's superintendent, in which the latter promised to furnish a suitable can. A short time after that interview, as the plaintiff testified, he met Jones and inquired if he

had got the can, and Jones replied: "No, but as soon as they get it at headquarters I will give it to you." Again, plaintiff testified that in November he called on Jones in regard to the can, and Jones said the "cans have not been received at headquarters, but we must hurry them up." At a later date, on another occasion, plaintiff testified he met Jones and said to him: "I would sooner do any other work in the house than that (oiling). He promised me again to get a can." The night before the injury, plaintiff, as he testified, called on Jones again, and Jones said, "You have got to do the best you can until such time as we can get a new can." Here was ample evidence tending to prove a promise on the part of the superintendent and a reliance on the promise by the plaintiff. Whether the evidence was sufficient to establish the fact was a question for the jury and for the Appellate Court,—one that does not arise here.

Whether appellee received the injury complained of through the negligence of appellant in failing to furnish suitable appliances with which he should perform the labor he was required to do; whether the use of the oil can in question by appellee contributed to the injury; whether the accident would have been avoided if a long-spouted can had been used, and whether appellee was guilty of negligence contributing to the injury, are each and all questions of fact which have been settled against appellant by the judgment of the Appellate Court, and, as said before, they do not arise on this appeal.

On the trial plaintiff testified that he applied to one Meaney, who was foreman and shipping clerk of the company, to furnish him a can to be used in oiling the machinery, stating the description and character of the can he desired. It is claimed the court erred in denying a motion to exclude this evidence from the jury. The court did exclude the answer made by Meaney to the request, and so far as the rest of the evidence is concerned it was not of a character to prejudice the minds of the jury. So far

as is shown by the record no substantial error appears in the ruling on the admission or exclusion of evidence.

It is also claimed that the court erred in refusing to give the instructions asked by the appellant, from the sixteenth to the twenty-third, inclusive. No instructions were asked or given for the appellee, but fifteen long instructions were given for the appellant. Upon an examination of the instructions given for appellant it will be found that they fully cover all questions of law involved in the case, and there was no necessity for giving other instructions. Moreover, the refused instructions were substantially embraced in the instructions given, and we do not think the court erred in refusing to give them to the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*